UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID FILES and THERESA FILES,
Individually and as Assignees of
MICHAEL P. BRUNO,

                              Plaintiffs,

       v.                                          1:07-cv-1122
                                                           (LEK/RTF)

GEICO CASUALTY INSURANCE CO.
and PROGRESSIVE INSURANCE,

                              Defendants.
_____

## DECISION and ORDER

       Plaintiffs commenced the instant action against Defendants asserting claims of breach of contract, bad faith, and violations of N.Y. Gen. Bus. Law § 349, arising out of Defendants' failure to promptly settle an insurance claim. Presently before the Court is: (1) Defendant Progressive's Motion for summary judgment pursuant to Fed. R. Civ. P. 56 seeking dismissal of the claims against it; (2) Defendant GEICO's Motion pursuant to Fed. R. Civ. P. 12(b)(6) seeking dismissal of the claims against it; and (3) Plaintiff's cross-Motion pursuant to Fed. R. Civ. P. 56 for summary judgment against Defendants.

**I.**     **FACTS**

       The following facts are taken from Defendant Progressive's Statement of Material Facts submitted pursuant to N.D.N.Y.L.R. 7.1(a)(3). Because Plaintiffs failed to submit a proper counter-statement of facts as required by Rule 7.1(a)(3), the following facts are deemed admitted.

Defendant Progressive Casualty Insurance Company issued a policy of commercial insurance to Michael P. Bruno ("Bruno"). The insurance provided coverage for a 1986 International S Series 1654 vehicle. On July 13, 2005, while this insurance policy was in effect, Plaintiff David Files was involved in a motor vehicle/motorcycle accident with Bruno. At the time of the accident, Bruno was operating a 1989 Mitsubishi Montero that he owned; not a 1986 International S Series 1654. As a result of the accident, Plaintiff Files sustained certain personal injuries.

Following litigation seeking damages for personal injuries, Files and Bruno entered into a settlement. Bruno assigned any and all rights he had against the Defendants to Files. Files then commenced the instant action against Defendants asserting claims of breach of contract, bad faith insurance practices, and violations of N.Y. Gen. Bus. Law § 349.

## II.     STANDARD OF REVIEW

### a.     Progressive's Motion for Summary Judgment

Federal Rule of Civil Procedure 56 provides that summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In applying this standard, courts must " 'resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment.' " Brown v. Henderson, 257 F.3d 246, 251 (2d Cir. 2001) (quoting Cifra v. General Electric Co., 252 F.3d 205, 216 (2d Cir. 2001)). Once the moving party meets its initial burden by demonstrating that no material fact exists for trial, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (citations omitted).

Rather, the non-movant "must come forth with evidence sufficient to allow a reasonable jury to find in her favor." Brown, 257 F.3d at 251 (citation omitted). Bald assertions or conjecture unsupported by evidence are insufficient to overcome a motion for summary judgment. Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991); Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d Cir. 1990).

      **b.**      **GEICO's Motion to Dismiss**

As the Supreme Court has explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (internal quotations, alterations and citations omitted).

"Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. at 1965 n.3. "'[A] district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed.'" Id. at 1967 (quoting Associated Gen. Contractors of Cal., Inc. v. Carpenters, 459 U.S. 519, 528, n. 17, 103 S. Ct. 897, 74 L.Ed.2d 723 (1983)).

As the Second Circuit has elaborated, "the [Supreme] Court's explanation for its holding [in Bell Atlantic] indicated that it intended to make some alteration in the regime of pure notice pleading that had prevailed in the federal courts ever since Conley v. Gibson, 355 U.S. 41, (1957). . . . [T]he [Supreme] Court expressly disavowed the oft-quoted statement in Conley of 'the accepted rule that a

complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Iqbal v. Hasty, 490 F.3d 143, 155 (2d Cir. 2007).  Thus, to survive a Rule 12 motion, Plaintiffs must pass the "'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*."  Id. at 157-58.

With these standards in mind, the Court will now address the pending motions.

### III.     DISCUSSION

#### a.     Local Rule Violations

Before proceeding, the Court pauses to note Plaintiff's numerous violations of the local rules of this Court.  First, N.D.N.Y.L.R. 7.1(a) plainly provides that "[e]xcept as otherwise provided in this paragraph, all motions **and opposition to motions** require a memorandum of law. . ." (emphasis added).  Plaintiff failed to file a memorandum of law in opposition to the motions filed by Defendants.  Rules 7.1(a) and 7.1(c) similarly require that a memorandum of law be filed in support of a cross-motion for summary judgment.  Plaintiff failed to do so.  No exception applies to this case that would excuse these failures.

Local Rule 7.1(a)(2) clearly states that "[a]n affidavit must not contain legal arguments. . . ."  Plaintiff and Defendants violated this rule by making legal arguments in their attorney's affidavits.

Lastly, although Plaintiff purports to move for summary judgment, he failed to comply with the requirement of Local Rule 7.1(a)(3) that he submit a statement of material facts.[1]  This failure requires that Plaintiff's cross-motion be denied, N.D.N.Y.L.R. 7.1(a)(3) ("Failure of the moving party

---

[1] Moreover, as noted, when responding to Progressive's Motion for summary judgment, Plaintiff failed to submit a responsive statement of material facts, as is required by Local Rule 7.1(a)(3).

to submit an accurate and complete Statement of Material facts shall result in a denial of the motion."), with leave to renew upon the submission of proper papers.

Rule 7.1(b)(3) provides that the "[f]ailure to comply with this Rule may result in the Court imposing sanctions." Although the Court declines to impose sanctions at this time, the parties are warned to strictly adhere to the Court's Local Rules. Future violations may result in the imposition of sanctions.

### b.     Progressive's Motion for Summary Judgment

Defendant Progressive moves for summary judgment on the ground that it is not liable because the subject accident did not arise out of the operation of a vehicle covered under its policy. The applicable Progressive policy provides that Progressive "will pay damages, OTHER THAN PUNITIVE OR EXEMPLARY DAMAGES, for which an **insured** is legally liable because of an **accident**." Progressive Ex. E at p.6 (emphases in original). Thus, there are two preconditions to payment under the policy: (1) the insured must be legally liable; and (2) the liability must arise out of an accident. As is relevant hereto, the bold-faced terms "insured" and "accident" are defined in the policy as follows:

> **"Accident"** means a sudden, unexpected and unintended event . . . that causes **bodily injury** or **property damage** and arises out of the ownership, maintenance, or use of **your insured auto**. . . .
>
> "Insured" means:
>
> 1.   **You**;
> 2.   Any additional driver listed on **your** policy but only with driving **your insured auto**;
> 3.   Any other person driving **your insured auto** with **your** permission. . . .;
> 4.   Any other person or organization, but only . . . while driving **your insured auto**. . . .

Def. Ex. E at 3, 7. The policy defines the phrase "your insured auto" as:

      a. any **auto** described in the Declarations or any **replacement auto**. . . .

Id. at 3.

      Based on these definitions, it is clear that the policy only covers injury to person or property arising out of the ownership, operation, maintenance, or use of an "insured auto." It is undisputed that the 1989 Mitsubishi Montero driven by Bruno on the date of the accident was not the vehicle listed on the declarations page of the policy. Moreover, there is no claim that the Mitsubishi otherwise qualifies as an "insured auto" under the terms of the policy. Accordingly, although Bruno is an "insured" under the policy, the Mitsubishi does not qualify as an "insured auto" under the policy. Because there was no accident arising out of the ownership, operation, maintenance, or use of a vehicle insured under the Progressive policy, Progressive has no liability under the policy. See Bailey v. Allstate Ins. Co., 243 A.D.2d 520, 521 (2d Dep't 1997) (coverage under an insurance policy does not extend to a vehicle that does not fall within the term "insured auto" as defined by the policy); see also Liberty Mut. Ins. Co. v. Allstate Ins. Co., 237 A.D.2d 260, 262 (2d Dep't 1997) (same); Thompson v. Allstate Ins. Co., 120 A.D.2d 964 (4th Dep't 1986) (same). The claims against Progressive are, therefore, DISMISSED.

      **c.**      **GEICO's Motion to Dismiss**

      GEICO moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the claims against it. In support of its motion, GEICO submits the affidavit of Steven Finn, a GEICO employee, and numerous exhibits in support of the motion. Pursuant to Fed. R. Civ. P. 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

Because the substance of GEICO's motion relies upon factual matters outside the pleadings, they are inappropriate for consideration upon a motion to dismiss. The Court will, therefore, treat the motion as one for summary judgment under Rule 56. Accordingly, the Court will permit GEICO thirty days from the date of this Order to serve and file: (1) a Statement of Material Facts in accordance with Local Rule 7.1(a)(3); (2) any additional materials it wishes to submit in support of its motion; and (3) a revised memorandum of law. Within fourteen days of the date that GEICO's motion is filed, Plaintiff shall file responsive papers. At that time, Plaintiff may also re-file his cross-motion for summary judgment. Within six days of the date that Plaintiff files opposition papers (including any cross-motion), GEICO may file reply papers (including papers responding to any cross-motion). All submissions shall strictly comply with the local rules of this Court.

### IV.    CONCLUSION

Accordingly, it is hereby

**ORDERED**, that Defendant Progressive's Motion for summary judgment (Dkt. No. 3) is **GRANTED** and the claims against it are **DISMISSED** in their entirety; and it is further

**ORDERED**, that Defendant GEICO's Motion to dismiss (Dkt. No. 4) is **DENIED** with leave to submit papers in support of a motion for summary judgment in accordance with this Decision and Order; and it is further

**ORDERED**, that Plaintiff's cross-Motion for summary judgment (Dkt. No. 6) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   July 08, 2008
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge